RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/2/12
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GENE AUTRY HILL<br>LA. DOC #74316<br>VS. | CIVIL ACTION NO. 3:12-cv-1658<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| ST. FRANCIS MED. CENTER | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Gene Autry Hill, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 23, 2012. According to those pleadings, in March 2010 Hill was convicted of second degree battery on Rita Thomas and thereafter sentenced to serve 5 years at hard labor by the Fourth Judicial District Court, Ouachita Parish, Louisiana. This petition was served, the respondent has filed an answer and a copy of the State court record, and the matter remains pending before the Court. *See Hill v. Warden*, No. 3:12-cv-0292.

Meanwhile, on June 11, 2012 Hill filed the instant *pro se* civil action. He applied for and was granted permission to proceed *in forma pauperis*. Hill invokes the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. §552, and asks the Court to order the St. Francis Medical Center to provide him with copies of Rita Thomas's medical records. Hill claims that these records will establish that Thomas committed perjury when she testified at his criminal trial.

Title 5 U.S.C. §552 requires each "agency" to make available to the public upon proper request, various types of information. "Agency" as used in the statute "...includes any executive

department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency..." 5 U.S.C. §552(f)(1). St. Francis Medical Center is not a federal agency as defined above and therefore Hill may not utilize the provisions of FOIA to obtain patient records. Therefore,

**IT IS RECOMMENDED** that Hill's civil action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, _August 1_, 2012.

JAMES D. KIRK
United States Magistrate Judge

2